PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE __EASTERN__ DISTRICT OF TEXAS

## __TYLER__ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

__LEON POSADA__
PETITIONER
(Full name of Petitioner)

__COFFIELD UNIT__
CURRENT PLACE OF CONFINEMENT

vs.

__2090772__
PRISONER ID NUMBER

__LORIE DAVIS__
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☑ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

   428TH JUDICIAL DISTRICT COURT. HAYS COUNTY, TEXAS

2. Date of judgment of conviction: SEPTEMBER 15, 2016

3. Length of sentence: 18 YEARS

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____

   TRIAL NO. CR-16-0328 / TDCJ NO. 20200043381

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☐ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☐ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☐ No

8. Did you appeal the judgment of conviction?   ☐ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   _____  Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   _____

   Result: _____

   Date of result: _____  Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

-3-

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

   (b) Give the date and length of the sentence to be served in the future: _____

_____

    (c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☒ No

16.    Are you eligible for release on mandatory supervision?  ☒ Yes  ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: __COFFIELD UNIT__

Disciplinary case number: __20200043381__

What was the nature of the disciplinary charge against you? __POSSESSION OF CONTRABAND__

18.    Date you were found guilty of the disciplinary violation: __(10/23/19)  12/10/19__

Did you lose previously earned good-time days?  ☒ Yes  ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: __ONE HUNDRED AND FIFTY DAYS. (150)__

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: __DOWNGRADE FROM G1 TO G4 AND LINE CLASS (TIME-EARNING) FROM S2 TO L1. RESTRICTIONS: 60 DAYS COMMISSARY AND PHONE, 45 DAYS CELL RESTRICTION AND RECREATION.__

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☒ Yes  ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: __AFFIRMED, NO DUE PROCESS OR PROCEDURAL ERROR FOUND.__

Date of Result: **7, January, 2020**

Step 2 Result: **AFFIRMED. NO DUE PROCESS OR PROCEDURAL ERROR FOUND.**

Date of Result: **1 February, 2020**

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** FAILURE TO APPRISE PETITIONER OF STATES INTENT TO INCREASE PUNISHMENT. U.S. CONST. AMEND. V, VI & XIV

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER HAS LOST 150 DAYS OF GOOD TIME FOLLOWING DISCIPLINARY HEARING, CONSEQUENTLY INCREASING PUNISHMENT FOR CRIME OF CONVICTION. 1) NO NOTICE OF SAID INTENT PROVIDED, 2) SAID FACTORS NEVER SUBMITTED TO JURY AND PROVEN BEYOND A REASONABLE DOUBT, 3) STANDARD OF PROOF WAS THAT OF PREPONDERANCE OF THE EVIDENCE.

B. **GROUND TWO:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____

C. **GROUND THREE:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

D. **GROUND FOUR:** _____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21. Relief sought in this petition: REINSTATEMENT OF 150 DAYS LOST GOOD TIME, REINSTATEMENT OF LINE CLASS TO S-2, AND FINALLY, REINSTATEMENT OF CUSTODY STATUS TO G1.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☒ Yes ☐ No
    If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    U.S.D.C. WESTERN DISTRICT, CASE NO. 1:19-CV-00169 (a)

    U.S.D.C. WESTERN DISTRICT CASE NO. 1:19-CV-770-LY (a)

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
    ☒ Yes   ☐ No

    If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    ONE GROUND PRESENTED RESULTING FROM DISCIPLINARY ACTION POST FILING OF LAST HABEUS PETITION.

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☒ Yes ☐ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. NOTICE OF APPEAL TO U.S. COURT OF APPEALS, FIFTH CIRCUIT PENDING. CASE NO. 20-50033

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: N/A

    (b) At arraignment and plea: MARK JANSSEN

    (c) At trial: MARK JANSSEN

    (d) At sentencing: MARK JANSSEN

    (e) On appeal: KENNETH MAHAFFEY

    (f) In any post-conviction proceeding: PRO-SE

  (g)  On appeal from any ruling against you in a post-conviction proceeding: __PRO-SE__

## Timeliness of Petition:

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

PETITIONER PRO-SE

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

___MAY 28TH, 2020___ (month, day, year).

Executed (signed) on ___MAY 28TH, 2020___ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: ___2661 F.M. 2054, TENNESSEE COLONY, TX, 75884___

-10-

CASE NO.

POSADA
v.
LORIE DAVIS

## MEMORANDUM IN SUPPORT

Comes now Leon Posada in this 28 U.S.C. 2254 petition and claims for relief from arbitrary and unconstitutional disciplinary proceeding process and conviction.

## STATEMENT OF CASE

Petitioner was charged and found guilty of possession of contraband in a penal institution. Offense code 10.0. This case was processed on 10/23/2019 in Texas Department of Criminal Justice Michael Unit as case no. 20200043381.

Hearing date for said offense occurred on 12/10/2019, at 5:00 AM at Coffield Unit were hearing officer Captain J. Defoor made guilty finding.

Captain Defoor imposed as punishment, the reduction of line class (time earning status) S2 to L1, also the reduction of custody level from G1 to G4 and the loss of 150 days of good time. Petitioners updated time sheet data reflects increase in petitioners minimum mandatory supervision release date.

1 of 5

PETITIONER FILED A STEP 1 AFFIRMING CONVICTION ON 1/7/20. GRIEVANCE NO. 2020052986. PETITIONER THEN FILED STEP 2 RESULTING IN AFFIRMED CONVICTION ON 1/28/20.

## JURISDICTION AND VENUE

WRIT OF HABEUS CORPUS IS USED BY ANY PERSON RESTRAINED IN HIS LIBERTY. IT IS AN ORDER ISSUED BY A COURT OR JUDGE OF COMPETENT JURISDICTION. THE ESSENCE IS ATTACK BY A PERSON IN CUSTODY. 411 U.S. 475.

JURISDICTION IS ASSERTED PURSUANT U.S. CONSTITUTION AND 28 U.S.C. § 2254 TO REDRESS THE DEPRIVATION OF THOSE RIGHTS SECURED BY THE U.S. CONSTITUTION, DEPRIVED BY PERSONS ACTING UNDER COLOR OF STATE LAW. THE COURT HAS JURISDICTION OVER THOSE MATTERS PURSUANT 28 U.S.C. § 1331, 1334(a)(3) AND 1367.

TYLER IS WHERE EVENTS OCCURED AND PROPER VENUE PURSUANT 28 U.S.C. 1391(b)(2).

## RECORD OF FACTUAL ALLEGATIONS

PETITIONER IS SUBMITTING A COPY OF DISCIPLINARY

REPORT AND HEARING RECORD, CASE NO. 20200043381 LABELED EXHIBIT A.

## EXHAUSTION OF LEGAL REMEDIES

PETITIONER USED GRIEVANCE PROCEDURE AT COFFIELD UNIT, STEP 1 AND STEP 2.

## GROUNDS FOR RELIEF

GROUND ONE: FAILURE TO APPRISE PETITIONER OF STATES INTENT TO INCREASE PUNISHMENT. U.S. CONST. AMEND. V, VI & XIV

THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION PROHIBIT THE GOVERNMENT FROM DEPRIVING AN INMATE OF LIFE, LIBERTY OR PROPERTY WITHOUT PROPER NOTICE OF THE NATURE AND CONSEQUENCES OF OFFENSE.
PETITIONER WAS SENTENCED IN HAYS COUNTY, TEXAS, WHERE HE WAS ADMONISHED AS TO THE INHERENT CONSEQUENCES OF OFFENSE AND ITS PUNISHMENT. 428TH JUDICIAL DISTRICT COURT CASE NO CR-16-0328, 9-15-16. NEITHER THEN, NOR NOW, HAS THE PROSECUTOR OR HEARING OFFICER APPRISED PETITIONER OF THEIR INTENTION TO INCREASE PETITIONERS MANDATORY

SUPERVISION ELIGIBILITY DATE, DATE TO WHICH LIBERTY INTEREST ATTACHES IN THE INSTANT CASE.

THUS, HEARING OFFICER IN DISCIPLINARY CASE NO. 2000-43381 LACKED AUTHORITY TO INCREASE OR ALTER PETITIONER'S SENTENCE OF PUNISHMENT WITHOUT NOTICE.

FURTHERMORE THE FACTORS PRESENTED HAVE NOT MET THE REQUIRED STANDARD OF PROOF BEYOND A REASONABLE DOUBT BEFORE A JURY, UPON THEIR INCREASING OF PUNISHMENT. APPRENDI V NEW JERSEY 120 SCT 2348, OR INCREASING OF MINIMUM PUNISHMENT OR FLOOR. ALLEYENNE V U.S. THE STANDARD OF PROOF IN INSTANT CASE IS ACTUALLY YET TO BE DETERMINED, HOWEVER, IT SHALL NOT SURPASS "BY THE PREPONDERANCE OF THE EVIDENCE STANDARD" WHICH DOES NOT APPLY IN THE INSTANT CASE.

THIS OFFENDER PURSUES HIS LIBERTY INTERESTS UNDER 28 U.S.C. 2254 SUBJECT MATTER JURISDICTION.

## SUMMATION

UNCONSTITUTIONALITY OF NOTICE FAILURE AND PUNISHMENT ERROR IS CLEAR AND EVIDENT. PETITIONER HUMBLY BESEECHES THIS HONORABLE COURT TO CONSIDER THEN, THE

MERITS HEREIN AND TAKE ACTION ON UNCONSTITUTIONALITY OF DISCIPLINARY HEARING AND WRONGFUL PROCESS. THIS HONORABLE COURT MUST THEN TAKE ACTION AGAINST STATE TDCJ COFFIELD OFFICIALS WHO BELIEVE THEMSELVES TO BE ABOVE THE FEDERAL CONSTITUTION BY REVERSING OF THIS DISCIPLINARY CONVICTION AND RESTORATION OF ALL THAT WAS TAKEN.

## PRAYER

WHEREFORE PREMISES CONSIDERED LEON POSADA PRAYS THIS HONORABLE COURT FOR EASTERN DISTRICT OF TEXAS, TYLER CONSIDER EVERYTHING STATED AND ASSERTED HEREIN AND ORDER REVERSAL OF DISCIPLINARY CONVICTION AND REVISIT AND/OR RESTORATION OF 150 DAYS GOOD TIME, RESTORATION OF G1 CUSTODY LEVEL AND RESTORATION OF STATE APPROVED S-2 LINE CLASS.

RESPECTFULLY SUBMITTED,

THIS DONE AND SIGNED
UNDER PENALTY OF PERJURY
IN ANDERSON COUNTY, TX
ON THIS MAY 28, 2020.

*Leon Posada*

LEON POSADA - PETITIONER PRO-SE
2661 F.M. 2054
TENNESSEE COLONY, TX 75884